IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-97-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| MARTHA RINCON RODRIGUEZ | ) | |
| TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to

18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of

an agent with the United States Department of State. Defendant presented no witnesses, but did

proffer certain facts through counsel. The court also reviewed the pretrial services report. After

careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument

submitted, and based on the findings and reasons stated below and in open court, the court finds by

a preponderance of the evidence that there is no condition or combination of conditions that will

reasonably assure defendant's appearance as required. The government's motion is therefore

GRANTED.

**Background**

Defendant was indicted on 13 April 2011 for the following offenses allegedly committed on

24 September 2009: making a false statement in an application for a United States passport in

violation of 18 U.S.C. § 1542; aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); and

false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). The

evidence presented at the hearing showed that the charges arise from defendant's submission of an

application for a passport at the Henderson Post Office on the alleged offense date. The application

contained the name and social security number of a woman in Texas, whose identity defendant has been using for about 10 years. The woman has experienced serious, recurrent problems as a result, including denial of credit purportedly preventing her from obtaining medical care.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the fraud-related nature of the offenses charged; the circumstances of the offenses charged, including the duration of defendant's use of the false identity and the repercussions it has had on the person whose identity defendant has been using; defendant's status as an illegal alien subject to an ICE detainer and removal from the United States; the status of defendant's husband as an illegal alien; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant argued that the health care needs of her son warranted her release, her husband remains available to care for the son. The contention was also made that the fact of defendant's application for a passport shows her intent to return to the United States. But it also suggests an intent to leave and to do so without accountability because a false identity was being used. Defendant's lack of a material criminal record is offset by her apparent continuous use of a false identity for a decade or more.

Defendant faces an extended period of incarceration followed by deportation. This circumstance provides her an intense incentive to flee, and she has demonstrated a willingness to falsely represent her identity, which could obviously facilitate flight. These and the other

2

considerations noted render inadequate any conditions the court could impose in an effort to reasonably assure her appearance.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 25th day of April 2011.

James E. Gates
United States Magistrate Judge

3